# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff.

v.

AARON MICHAEL MANIGAULT,

Defendant.

Case No.: '25 MJ623

COMPLAINT FOR VIOLATION OF
18 U.S.C. (111)(a) and (b)– Assault on a
Federal Officer (Felony)

The undersigned complainant being duly sworn states:

On or about December 2, 2024 within the Southern District of California, defendant AARON MICHAEL MANIGAULT, did forcibly assaulted a person designated in Title 18, United States Code, Section 1114, to wit, United States Department of Veterans Affairs Police Officer E. Hansen ("the Officer"), while the Officer was engaged in and on account of the performance of his official duties, such acts involving physical contact with the Officer by punching the Officer in the head and inflicting bodily injury; in violation of Title 18, United States Code, Section 111 (a) and (b), a felony.

/ /
/ /
/ /
/ /
/ /
/ /
/ /

-1 of 4-

And the complainant states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Spencer Gould, Special Agent
Veterans Affairs OIG

SWORN AND ATTESTED TO UNDER OATH BY TELEPHONE. IN ACCORDANCE WITH FEDERAL RULE OF CRIMINAL PROCEDURE 4.1, ON THIS 11th DAY of February 2025.

Hon. Michael S. Berg
United States Magistrate Judge

## **PROBABLE CAUSE STATEMENT**

During the course of my duties, I have learned the following information from having read the reports prepared by other law enforcement officers and participated in the investigation. The following does not contain all of the information known to me, or other federal agents and state and local officers regarding this investigation, but it does contain those facts believed to be necessary to establish the requisite probable cause.

On December 2, 2024, at approximately 1020 hours, at the Department of Veterans Affairs, La Jolla Medical Center, Officer E. Hansen and Officer N. Humphrey encountered Defendant Aaron M. Manigault ("MANIGAULT") in the waiting area for mental health services. Both officers were in full police uniform with operational body-worn cameras. Upon arrival to the waiting area, Officer Hansen asked the veterans in the lobby if they had checked in.  All confirmed they had checked in; however, one veteran, whom Officer Hansen recognized to be MANIGAULT, did not respond.

Officer Hansen asked MANIGAULT why he was in the waiting area, and MANIGAULT became dismissive and ignored Officer Hansen's questioning. MANIGAULT became loud and boisterous despite Officer Hansen repeatedly asking him to keep his voice down. Officer Hansen contacted Police Operations for a records check, which confirmed MANIGAULT did not have an appointment that day.

Officer Hansen told MANIGAULT that he needed to leave because he had not checked-in for a walk-in service and did not have an appointment. MANIGAULT stood up and told Officer Hansen that he would check in for service, but Officer Hansen denied his request. When told he could no longer check in, MANIGAULT threatened to punch Officer Hansen in the face if Officer Hansen touched him. MANIGAULT told Officer Hansen that he would get away with it because he is bipolar. Officer Hansen asked MANIGAULT if

he was refusing to leave, and MANIGAULT told Officer Hansen again that if Officer Hansen touched him, he would punch him in the face.

Officer Hansen had previously encountered MANIGAULT and was aware of his prior conduct at the La Jolla VA Medical Center and the past threats MANIGAULT made to staff. This, in conjunction with the present threats to assault Officer Hansen, both Officers Hansen and Humphrey decided to place MANIGAULT in handcuffs. As Officer Hansen reached for MANIGAULT, MANIGAULT punched Officer Hansen in the right side of his head. Officers Hansen and Humphrey took MANIGAULT to the ground and placed him in handcuffs. After MANIGAULT was placed in handcuffs and while on the ground, MANIGAULT turned his head to the right and spit a large amount of saliva onto the left side of Officer Hansen's head.

Officer Hansen applied a spit mask to MANIGAULT, and placed MANIGAULT in a wheelchair to escort him to Police Operations for processing. While sitting in the wheelchair, he attempted to strike Officer Hansen's hand with his head. Because of continued outbursts, Officers could not question MANIGAULT regarding the incident.

Officer Hansen reported to the Emergency Department for evaluation for the injury sustained from the strike from MANIGAULT. Officer Hansen's earpiece was lodged in his ear canal and had to medically be removed by staff. Officer Hansen sustained a small cut, bruising, and swelling to his right ear, and an abrasion to his right thumb.